Melanie PIERSON, Plaintiff,

v.

MRS. FIELDS COOKIES, a California
corporation, Defendant.

No. 93–C–0320–S.

United States District Court,
D. Utah,
Central Division.

July 13, 1994.

Richard M. Hymas, Nielsen & Senior, Salt Lake City, UT, for plaintiff.

John A. Anderson, Matthew M. Durham, Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, UT, for defendant.

## MEMORANDUM DECISION

SAM, District Judge.

This matter is before the court on defendant's motion for summary judgment. The court has considered the parties' briefing and is prepared to rule without the assistance of oral argument. Plaintiff has alleged breach of implied-in-fact employment contract and a violation of Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act, 42 U.S.C.A. § 2000e(k).

### I. Federal Summary Judgment Standard

Under Fed.R.Civ.P. 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party.[1] E.g., Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This burden has two distinct components: an initial burden of production on the moving party, which burden when satisfied shifts to the nonmoving party, and an ultimate burden of persuasion, which always remains on the moving party. See 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2727 (2d ed. 1983).

When summary judgment is sought, the movant bears the initial responsibility of informing the court of the basis for his motion and identifying those portions of the record and affidavits, if any, he believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. In a case where a party moves for summary judgment on an issue on which he would not bear the burden of persuasion at trial, his initial burden of production may be satisfied by showing the court there is an absence of evidence in the record to support the non-

---

1. Whether a fact is material is determined by looking to relevant substantive law. *Anderson v.*

*Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

movant's case.[2]  *Id.*, 477 U.S. at 323, 106 S.Ct. at 2554, 91 L.Ed.2d at 275.  "[T]here can be no issue as to any material fact ... [when] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Id.*

■ Once the moving party has met this initial burden of production, the burden shifts to the nonmoving party to designate "specific facts showing that there is a genuine issue for trial."  Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274.

> If the defendant in a run-of-the-mill civil case moves for summary judgment ... based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakenly favors one side or the other, but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.  The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . .

*Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. at 2512.  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.*  If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party

is entitled to summary judgment as a matter of law.  *Id.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202.

## II.  Breach of Implied Employment Contract Claim

■ The first issue before the court is whether the parties had an implied-in-fact employment contract rather than the presumed at-will relationship.

> This issue is primarily one of fact.  *Johnson v. Morton Thiokol, Inc.*, 818 P.2d 997, 1001 (Utah 1991).  However, if the evidence is such that no reasonable jury could conclude that the parties agreed to limit the employer's right to terminate the employee, then the issue is one of law and appropriate for summary judgment.  *Sanderson v. First Sec. Leasing Co.*, 844 P.2d 303, 306 (Utah 1992); *Johnson*, 818 P.2d at 1001.

*Kirberg v. West One Bank*, 872 P.2d 39, 40–41 (Utah App.1994).

Mrs. Fields employee handbooks and policy and procedure manuals contain explicit "employee-at-will" language as well as other standard statements that there is no contract for employment, that anyone can be terminated at any time for any reason, that although there are disciplinary procedures outlined, they may or may not be followed since they are just guidelines, etc.  Plaintiff acknowledges receiving all the employee manuals and signed an "Acknowledgment of Receipt" which reiterates that she received all the manuals containing the "at will" language.  The Acknowledgement itself states in two different paragraphs that "the company reserves the right to transfer, promote,

---

**2.**  In his dissent in *Celotex*, Justice Brennan discussed the mechanics for discharging the initial burden of production when the moving party seeks summary judgment on the ground the nonmoving party—who will bear the burden of persuasion at trial—has no evidence:

> Plainly, a conclusory assertion that the nonmoving party has no evidence is insufficient.  Such a 'burden' of production is no burden at all and would simply permit summary judgment procedure to be converted into a tool for harassment.  Rather, as the Court confirms, a party who moves for summary judgment on the ground that the nonmoving party has no evidence must affirmatively show the absence

of evidence in the record.  This may require the moving party to depose the nonmoving party's witnesses or to establish the inadequacy of documentary evidence.  If there is literally no evidence in the record, the moving party may demonstrate this by reviewing for the court the admissions, interrogatories and other exchanges between the parties that are in the record.  Either way, however, the moving party must affirmatively demonstrate that there is no evidence in the record to support a judgment for the nonmoving party.

477 U.S. at 323, 106 S.Ct. at 2557–58, 91 L.Ed.2d at 279 (citations omitted).

demote, or terminate me with or without cause at any time." In another paragraph of the one page Acknowledgement it states:

> Today I received a copy of The Company's Employee Handbook which has been prepared to give me some general information about company policy. I understand that neither this Handbook nor any other representation by a management official of The Company are intended to create a contract of employment. I understand that The Company and I have the same right to end my employment at any time for any reason....

Plaintiff's claim that her at-will status was altered centers around the company disciplinary guidelines. Those guidelines suggest that a four-step disciplinary process should be implemented before a person is terminated. Plaintiff has argued that on at least four occasions when she was in management and had wanted to immediately terminate an employee she was told she must go through the disciplinary process, that she could not immediately terminate. Thus, she argues, it became her impression that the disciplinary process became an entitlement and, since defendant terminated her without going through that process, it violated an implied-in-fact contractual right.

This court has considered the issue of breach of implied-in-fact employment contracts on several occasions. The opinion in *Jones v. Unisys*, 829 F.Supp. 1281 (D.Utah 1993) dealt with this issue, although in the context of age discrimination in reduction in force actions. *Unisys* held that

> [u]nder Utah law there is no presumption of an employment contract, rather a person is presumed to be employed at will and therefore terminable for any reason and without cause or notice.... Plaintiff may rebut this presumption by showing the existence of an express or implied contract.

*Unisys*, 829 F.Supp. 1281 at 1283. As in the instant situation, the plaintiffs in *Unisys* had received and read employee handbooks strictly disclaiming any employment contract. The plaintiffs in *Unisys*, as in this case, were therefore obligated to prove the existence of an implied employment contract. To do this

the court in *Unisys* established the following standard:

> [F]or an implied-in-fact contract to exist, it must meet the requirements for an offer for a unilateral contract. There must be a manifestation of the employer's intent that is communicated to the employee and sufficiently definite to operate as a contract provision.... Furthermore, the manifestation of the employer's intent must be of such a nature that the employee can reasonably believe that the employer is making an offer of employment other than employment at will.

*Id.* at 1284 *citing Johnson*, 818 P.2d at 1002.

Reviewing the evidence in a light most favorable to the nonmoving party, the court did not find anything in the facts presented by plaintiff which justifies departure from the at-will presumption. To the contrary, the documents were clear and specific regarding plaintiff's at-will status. In addition, nothing in the parties' conduct in general, or specifically with respect to the disciplinary guidelines, amounted to a sufficiently definite manifestation of defendant's intent to offer plaintiff employment other than employment at will. Defendant was under no obligation to apply the disciplinary process to plaintiff before discharging her.

The two recent cases from the Utah Court of Appeals submitted by defendant for the court's consideration support this conclusion. *See Sorenson v. Kennecott–Utah Copper Corp.*, 873 P.2d 1141 (Utah App.1994). *See also Kirberg*, 872 P.2d 39. In *Kirberg* the employment documents carefully outlined at-will status of employees. Nevertheless, the employment documents included disciplinary procedures and/or guidelines which plaintiff had observed being applied and which she, as a manager, had been told to follow in disciplining employees she supervised. As a result, "she assumed that any discipline should be at the lowest level necessary to correct the problem, and that all disciplinary problems and actions should be documented. Kirberg believed company policy was that an employee should not be fired without cause." *Id.* at 40. The courts reviewing her claims nevertheless found her allegations and evidence insufficient to overcome the at-will

presumption. The trial court found no genuine issue as to any material fact and granted summary judgment for defendant. The court of appeals affirmed.

Plaintiff's claims in the litigation before this court are analogous to those advanced by the plaintiff in *Kirberg* and that holding is consistent with this court's finding that defendant is entitled to summary judgment on plaintiff's breach of implied employment contract claim.

## III. Title VII Claims

In evaluating plaintiff's claim for violation of Title VII and the Pregnancy Discrimination Act, the court has accepted plaintiff's factual scenario as true. Those facts, including others which were uncontested, include the following. At the time plaintiff was working for defendant in St. Louis and contemplating a transfer back to Utah, her supervisor asked her on three occasions if she was pregnant (allegedly because if he was going to let her manage the Crossroads Mall retail store he wanted someone who would commit to two years). In addition, once she was back in Utah managing the Crossroads store, on the eve of the Valentines Day promotion scheduled for February 13 and 14 (the biggest sale days of the year for Mrs. Fields) she got a severe case of morning sickness and took sick leave for 10 days. The store was unprepared for the big promotion and plaintiff's district manager had to take over.

When plaintiff returned from her sick leave her district manager met with her and implied that she should have been able to work even though she had morning sickness and it seemed as though her heart wasn't in her work anymore due to her pregnancy. She was terminated that day without further warning or being put through the disciplinary process outlined in the employee manual(s).

■ To make out a claim in this area plaintiff must present a *prima facie* case of discriminatory discharge by showing: (1) that she was a member of a protected class; (2) that she was qualified and performing her job satisfactorily; and (3) that she was discharged under circumstances that give rise to an inference of discrimination. *See Martin v. Nannie and the Newborns, Inc.*, 3 F.3d 1410, 1416–17 (10th Cir.1993).

■ If a plaintiff makes a sufficient showing to establish a *prima facie* case, the burden then shifts to the employer to show that the discharge occurred for legitimate business reasons. *Id.* at 1417. Once the employer has come forward with such evidence, plaintiff must produce evidence that the reasons given by the employer for the discharge are pretextual and that the employer was motivated by discrimination. *Id.; MacDonald v. Eastern Wyo. Mental Health Ctr.*, 941 F.2d 1115, 1122 (10th Cir.1991).

■ In the instant case there is no dispute that plaintiff was a member of a protected class—she was pregnant. However, the court's review of the evidence relative to plaintiff's job performance leads to a determination that defendant had sufficient reasons to conclude plaintiff was not performing adequately from the point of her return to Utah in December, 1991 (even though prior to that point she had been successful in the company).

It is undisputed that sales figures for January, 1992 were down from that period for the previous year and that plaintiff was given a written warning on February 6, 1992 alleging the store was not clean. In addition, there were several problems with respect to the big Valentines Day promotion. A cake decorator was expected but not arranged for—defendant had understood plaintiff's position to be that the matter was taken care of when it wasn't and defendant was further lead to believe that plaintiff told her assistant manager to lie to the district manager regarding whose failure was responsible for no cake decorator being present. Plaintiff did not have adequate supplies on hand for the promotion. She had not made arrangements for a second sales area in the mall and she took sick leave the day before the big promotion was to start without adequate preparations being completed.

In addition, plaintiff makes several allegations about who knew she was pregnant and when they knew, although she has no evi-

dence that the person who had the authority to terminate her and who did in fact make the decision to terminate her knew she was pregnant.

The court is not convinced that plaintiff has made out a prima facie case. Viewing the facts objectively and in a light most favorable to plaintiff leads the court to see problems with her performance upon her return to Utah. Consequently, plaintiff has not established the second element of her *prima facie* case.

Nevertheless, assuming plaintiff were somehow able to make out a prima facie case, the above facts support defendant's rebuttal that the discharge occurred for legitimate business reasons. Even plaintiff admits as much:

> Having articulated those reasons for Melanie's discharge, MFC [defendant Mrs. Fields] has satisfied its burden of production, and the presumption raised by the prima facie case is considered to be rebutted. That makes it incumbent upon Melanie to show that MFC's proffered reasons for her discharge are merely a pretext or cover-up for pregnancy discrimination.

Plaintiff's Memorandum in Opposition at 17.

Plaintiff alleges she can demonstrate pretext either of two ways: (1) by showing that defendant was more likely motivated by a discriminatory reason; or (2) that defendant's proffered reasons are unworthy of credence. *See Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 253–54, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981). Plaintiff summarized her rebuttal to the proffered reasons for discharge in three pages in her opposing brief but the court is not convinced.

Plaintiff has not demonstrated pretext. The evidence demonstrated to the court that the decision to terminate plaintiff was made without knowledge of her pregnancy. Many of the acts calling plaintiff's performance into question occurred before anyone knew she was pregnant. In addition, the person who made the decision to terminate plaintiff (Reisner), and the only person who had that authority, has testified under oath that she did not know plaintiff was pregnant. The primary argument plaintiff made in response to this evidence is that it is not plausible to believe Reisner didn't know since so many others did and the reason for her sick leave had been morning sickness which would surely have been communicated to Reisner. The court finds plaintiff's arguments are, at most, speculation and plaintiff has not presented evidence to rebut defendant's showing that Reisner did not know plaintiff was pregnant at the time the decision to discharge her was made.

The court determines it is appropriate to grant defendant's motion for summary judgment on plaintiff's Title VII claims and Pregnancy Discrimination Act claims. The court has serious reservations regarding plaintiff's presentation of a *prima facie* case and furthermore does not believe plaintiff can or has demonstrated pretext. The evidence she has presented consists largely of speculation about what people "must" have known, not what they did know, and about what she or her husband perceived. Such evidence is not sufficient to convince a reasonable jury and the matter should not proceed to trial.

Accordingly, the court grants defendant's motion for summary judgment in its entirety. Plaintiff's complaint is dismissed.

So Ordered.